**In re Petition for DISCIPLINARY ACTION AGAINST George E. HULSTRAND, Jr., a Minnesota Attorney, Registration No. 48033.**

No. A08–1935.

Supreme Court of Minnesota.

Nov. 26, 2008.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent George E. Hulstrand, Jr., committed professional misconduct warranting public discipline, namely, failure to competently represent a client in bankruptcy, failure to properly withdraw from representation, failure to protect the client's interests upon withdrawal, failure to respond to the bankruptcy trustee's requests for information, failure to appear at a bankruptcy hearing, failure to keep the client reasonably informed, and failure to adequately explain the matter to the client, in violation of Minn. R. Prof. Conduct 1.1, 1.16(c) and (d), 3.4(c), and 1.4(a) and (b).

Respondent admits that his conduct violated the Rules of Professional Conduct, waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and with the Director recommends that the appropriate discipline is a public reprimand and two years' supervised probation.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent George E. Hulstrand, Jr., is publicly reprimanded and placed on probation for a period of two years from the date of filing of this order, subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of filing of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with the inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall submit to the supervisor an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, date of most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f) Within 30 days from the date of filing of this order, respondent shall provide to the Director and to the probation supervisor, once appointed, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/ Alan C. Page
Associate Justice